**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT HOTALING,

Plaintiff,

v. 1:24-cv-01216 (AMN/PJE)

DANIEL MARTUSCELLO, KELLY AHEARN,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**ROBERT HOTALING**
61 Hurst Ave.
Albany, New York 12208
Plaintiff, *pro se*

**HON. LETITIA JAMES** **MARK J. DOLAN, ESQ.**
New York State Attorney General Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On October 3, 2024, *pro se* Plaintiff Robert Hotaling commenced this action against Daniel Martuscello, Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), and Kelly Ahearn,[1] DOCCS Director of Personnel (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging that they wrongfully withheld Plaintiff's

[1] While the Complaint names "Kelly Ahern," Defendants acknowledge and the Court's independent review confirms that the correct spelling of this Defendant's name is "Kelly Ahearn." The Clerk of the Court is directed to modify the case caption accordingly.

"mandatory retirement package" with no explanation after Plaintiff voluntarily retired from employment with DOCCS amid an ongoing disciplinary investigation. *See generally* Dkt. No. 1 ("Complaint"). On January 3, 2025, Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 13 ("Motion"). On January 26, 2025, Plaintiff filed a response in opposition to the Motion, *see* Dkt. No. 19, and on February 11, 2025, Defendants filed a reply in further support of the Motion, *see* Dkt. No. 20. Accordingly, the Motion is now ripe for adjudication.

For the reasons that follow, the Motion is granted, and the Complaint is dismissed without prejudice.

## II. BACKGROUND

Unless otherwise noted, the following facts are drawn from the Complaint, its attachments, or materials it incorporates by reference, and Plaintiff's opposition to Defendants' motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (On a motion to dismiss, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference" (citation omitted)); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Sommersett v. City of N.Y.*, No. 09-CIV-5916, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011) ("[W]here a *pro se* plaintiff has submitted other papers to the Court, such as legal memoranda, the Court may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations." (citation omitted)). The allegations are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *Williams v. N.Y.C. Hous. Auth.*, 816 Fed. Appx. 532, 534 (2d Cir. 2020).

**A. The Complaint**

Plaintiff alleges that, on September 27, 2021, he was placed on administrative leave from his position as a Lieutenant at Coxsackie Correctional Facility and barred from carrying a firearm without explanation. *See* Dkt. No. 1 at 5, 6.[2] Soon thereafter, on October 12, 2021, Plaintiff attended a "Q&A session" at DOCCS's Albany Training Academy, which was conducted by the New York Governor's Office of Employee Relations ("GOER") and DOCCS's Office of Special Investigation ("OSI"), wherein Plaintiff learned that a female civilian at Coxsackie Correctional Facility had accused him of sexual harassment. *Id.* Plaintiff claims to have answered all questions that were posed to him during the Q&A session and informed the representatives from GOER and OSI that the allegations were "a big misunderstanding" because Plaintiff is gay. *Id.* In response, a representative from GOER asked if Plaintiff was bisexual "and not totally gay," to which Plaintiff responded in the negative. *Id.* The following day, instead of formally disputing the allegations made by the female civilian, Plaintiff submitted retirement paperwork to the New York State Retirement System "because [he] could not believe this allegation was being entertained, based on [his] openly gay status among [his] colleagues." *Id.*

On October 28, 2021, Plaintiff received an email from Coxsackie Correctional Facility employee Katrina Miller informing him that he would need to go to DOCCS Central Office to obtain his "retirement I.D. and badge." *Id.* However, on November 8, 2021, Ms. Miller emailed Plaintiff again, this time to inform him that Defendant Ahearn had denied Plaintiff's request for a "retirement package" and that Plaintiff would "not be receiving a letter, certificate, or a retirement badge and ID." *Id.* Plaintiff notified Defendant Martuscello when he learned that he was not going

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

to receive his retirement package, at which point Defendant Martuscello informed Plaintiff that he would investigate the issue. *Id.* at 6. On October 21, 2023, Defendant Martuscello notified Plaintiff that, following a review of the matter, he would be "upholding the original determination" to withhold Plaintiff's retirement package and did not provide Plaintiff with any explanation as to why. *Id.*

Plaintiff asserts that it is customary for a retired employee to receive a retirement identification, as well as a "certificate of service," and that the failure to provide Plaintiff with this "retirement package" violates the Law Enforcement Officers Safety Act ("LEOSA"). *Id.* at 5.[3] Plaintiff further states that, had he known that DOCCS was going to withhold his retirement package, he would not have retired and would have instead contested the sexual harassment allegations. *Id.* 6. He takes issue with the process by which the allegations were handled, asserting that it "has been abused by Labor Relations and [DOCCS], in affording guilt before innocence." *Id.* Plaintiff surmises that the reason that his retirement materials were withheld is because he is gay, given that he knows of other individuals who were disciplined by DOCCS and were still issued their retirement materials, and given Plaintiff's alleged "record of excelling . . . as witnessed by [his] promotion to Lieutenant as well as an outstanding offer of Captain." *Id.*

Plaintiff seeks the immediate issuance of his retirement package and credentials pursuant to LEOSA, and requests "some sort of answer or investigation related to the way this incident took place." *Id.* at 4, 6.

[3] Since Plaintiff seeks the issuance of his "retirement materials and credentials as is clearly stated in Law Enforcement Officers Safety Act ("LEOSA")," Dkt. No. 1 at 4, the Court infers that the Complaint concerns the photographic identification contemplated by subsection (d) of LEOSA, which allows qualified retired law enforcement officers to carry concealed weapons across state lines. *See* 18 U.S.C. § 926C(d).

**B. The Motion**

Defendants move to dismiss the Complaint on several grounds. First, Defendants argue that the Complaint violates Fed. R. Civ. P. 8 because it fails to identify any causes of action brought against Defendants and contains only "a conclusory summary of events that does not set forth a coherent claim based on an alleged violation of" 42 U.S.C. § 1983. Dkt. No. 13-7 at 8. Second, Defendants contend that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because LEOSA does not provide for a private right of action. *Id.* at 9-11. Third, Defendants argue in the alternative that, even if the Court found that a private right of action exists under LEOSA, Plaintiff fails to state a claim because the statute affords states the right to establish their own standards for the certification of qualified retired law enforcement officers and that, under DOCCS's standards, Plaintiff does not qualify for such a status since, at the time of his retirement, he was on administrative leave while under investigation regarding allegations that were subsequently substantiated. *Id.* at 11-15. Finally, Defendants seek dismissal of the Complaint on the grounds that LEOSA does not compel Defendants to issue retirement packages and that such a decision is left to DOCCS's discretion. *Id.* at 14-15.

In opposition, Plaintiff states that he was never notified that the allegations made against him prior to his retirement were substantiated and that he was never afforded the opportunity "to depose anyone, witnesses or complainant, myself or by an attorney." Dkt. No. 19 at 1. Moreover, Plaintiff contends that he meets all the criteria set forth in the relevant DOCCS directives to qualify for a retirement package, and that "being on weapons prohibition or administrative leave is not a reason for denial of a retirement ID or badge per DOCCS['s] own manual procedure." *Id.* at 2. Plaintiff also states that "similarly situated employees" were provided with a retirement package while undergoing disciplinary "situations." *Id.*

## III. STANDARD OF REVIEW

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers*, 282 F.3d at 152-53).

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV. DISCUSSION

### A. Fed. R. Civ. P. 8

The Court first addresses Defendants' argument that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 8.

Rule 8 requires that a pleading contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). "The purpose of [Rule 8] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Laspisa v. Citifinancial Does 1 to 20*, 269 F. Supp. 3d 11, 13-14 (N.D.N.Y. 2017) (quoting *Hudson v. Artuz*, No. 95-CIV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), *abrogated on other grounds*, 145 S.Ct. 2219 (2025) (internal quotations and citations omitted). While Defendants take issue with the fact that Plaintiff used a pre-printed form complaint and only outlined his allegations in an attached affidavit, the Second Circuit has made clear that dismissal based on a "complaint's deviation from the relevant formatting rules" is inappropriate. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 192 (2d Cir. 2008). The fact that Plaintiff chose to summarize his case in an affidavit, rather than filling out the delineated sections in the form complaint, is not a proper basis for dismissal.

The Court similarly finds unpersuasive Defendants' argument that the Complaint "fails to describe the alleged causes of action being asserted against individual defendant and merely contains a conclusory summary of events." Dkt. No. 13-7 at 8. Viewing the allegations in the light most favorable to Plaintiff, the Complaint and accompanying affidavit explicitly refer to Defendants' purported violation of LEOSA. For example, Plaintiff asserts that Defendants' withholding of Plaintiff's retirement package infringed on Plaintiff's rights guaranteed under that statute. *See, e.g.*, Dkt. No. 1 at 5 ("failure to provide me with this retirement package is a violation of federal law[] [p]ursuant to the Law Enforcement Officers Safety Act (LEOSA)"). Additionally, Plaintiff's prayer for relief seeks the issuance of his retirement package "as is clearly stated in the Law Enforcement Officers Safety Act." *Id.* at 4. The pleading provides dates, locations, and the individuals involved in the purported LEOSA violation, including the role that Defendants allegedly played. *See, e.g., id.* at 5 (noting that, on November 8, 2021, Plaintiff was informed that Defendant Ahearn denied his request for a retirement package). Thus, the allegations are sufficient

to give Defendants' fair notice that Plaintiff brings a claim against them pursuant to Section 1983 seeking to vindicate an alleged violation of his rights under LEOSA. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (reversing dismissal of a claim where the complaint gave a timeframe, location, and description of the alleged violations).

Accordingly, the Court declines to dismiss the Complaint pursuant to Rule 8.

**B. Fed. R. Civ. P. 12(b)(6)**

The Court reaches a different conclusion, however, with respect to whether the Complaint should be dismissed pursuant to Rule 12(b)(6).

LEOSA states:

> (a) Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).

18 U.S.C. § 926C. Said otherwise, LEOSA permits qualified retired law enforcement officers with proper identification to carry concealed firearms across state lines. The purpose of the statute is "to protect officers and their families from vindictive criminals, and to allow thousands of equipped trained and certified law enforcement officers, whether on-duty, off-duty or retired, to carry concealed firearms in situations where they can respond immediately to a crime across state and other jurisdictional lines." S. Rep. No. 108-29, at 4 (2003), available at 2003 WL 1609540. LEOSA achieves this purpose by establishing "a mechanism by which law enforcement officers may travel interstate with a firearm." *Id.* An individual is considered a "qualified retired law enforcement officer" if they (1) separated in good standing after at least ten years as a law enforcement officer; (2) met the standards for qualification in firearms training set forth by their former agency; (3) were not under the influence of drugs or alcohol; (4) were not prohibited by federal law from owning a firearm; and (4) were not found to be unqualified by a medical

professional for reasons related to mental health. *See* 18 U.S.C. § 926C(c). As to identification, LEOSA allows separated officers to satisfy the identification requirement in one of two ways. Relevant here, under § 926C(d)(2), a former officer can use a photographic identification issued by the agency that identifies him or her as a former officer and a certifies their requisite firearms qualifications.

Plaintiff alleges that Defendants' failure to provide him with a retirement package, including particularly the identification contemplated in subsection (d) of LEOSA to receive concealed firearm protections, violates his rights under the statute. *See* Dkt. No. 1 at 5. However, as Defendants point out, courts within the Second Circuit have historically held that there is no private cause of action under LEOSA to compel the issuance of a LEOSA identification. *See Johnson v. N.Y. State Dep't of Corr. Servs.*, 709 F. Supp. 2d 178, 186 (N.D.N.Y. 2010); *see also Ramirez v. Port Auth. of N.Y. & N.J. (PANYNJ)*, No. 15-CV-3225, 2015 WL 9463185, at *6 (S.D.N.Y. Dec. 28, 2015) ("Congress did not intend to make [LEOSA's] violation actionable under § 1983."). This is because LEOSA has been interpreted to "leave the standards and procedures for issuing the required photographic identification . . . to the states." *D'Aureli v. Harvey*, No. 1:17-cv-363, 2018 WL 704733, at *4 (N.D.N.Y. Feb. 2, 2018) (citation omitted); *see also Carey v. Throwe*, 957 F.3d 468, 480 (4th Cir. 2020) ("LEOSA contains no language—none—obligating states to issue any identification at all. In fact, the plain text of LEOSA conveys the exact opposite, committing entirely to the discretion of the states the decision of *whether* to issue identification and, should they choose to do so, *what* they may require of individuals seeking such a credential.") (emphasis in original). Therefore, in this case, as DOCCS is the agency of New York State tasked with making Plaintiff's retirement determinations, the decision not to grant Plaintiff a LEOSA identification upon his retirement was within DOCCS's discretion as outlined in the relevant

DOCCS Directives. *See Johnson*, 709 F. Supp. 2d at 185 ("Congress's decision to allow the states to establish their own firearm permit standards and to issue their own concealed firearm certifications is directly at odds with plaintiffs' argument that Congress implicitly intended to create a private cause of action by which retired law enforcement officers could compel state agencies to issue the identification required under LEOSA."); *see also* Dkt. No. 13-2 (describing DOCCS guidelines for issuing retirement packages).[4] As Plaintiff cannot assert a private right of action under LEOSA to compel the issuance of a LEOSA identification, his Section 1983 claim is dismissed.[5]

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to dismiss, Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.[6]

---

[4] To the extent that Plaintiff seeks the issuance of retirement materials other than the identification contemplated by subsection (d) of LEOSA, the Court is unaware of, and Plaintiff does not cite to, authority establishing that LEOSA can be used as a mechanism to recover those materials.

[5] Notwithstanding the fact that any amended Complaint brought pursuant to LEOSA would be futile, considering Plaintiff's *pro se* status, and the Complaint's vague references to potential constitutional violations, the Court chooses to exercise its discretion and dismiss the Complaint without prejudice. *See, e.g.*, *Lightner v. Wenderlich*, 271 F. Supp. 3d 445, 457 (W.D.N.Y. 2017) ("Pursuant to the policy of providing *pro se* litigants with 'every opportunity' to put forth a valid claim, . . . causes of action 20 and 23 are dismissed, although the Court exercises its discretion and the claims are dismissed without prejudice.").

[6] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.

**IT IS SO ORDERED.**

Dated: September 9, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge